[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 5, 2011
JOHN LEY
CLERK

No. 11-10348
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cr-00337-ODE-ECS-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN KING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 5, 2011)

Before EDMONDSON, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Kevin King appeals his below-the-guidelines-range sentence of 200 months

imprisonment imposed for one count of conspiracy to commit carjacking with

force, in violation of 18 U.S.C. §§ 2119 and 371, one count of carjacking, in violation of 18 U.S.C. § 2119, one count of brandishing a firearm while committing a carjacking, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 2, and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). King contends that his sentence is substantively unreasonable because it is greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a), in light of his mental retardation, difficult childhood, young age, and cooperation with law enforcement.

I.

From June 29, 2009 to July 1, 2009, King, at the age of 24, participated in three armed carjackings along with his two codefendants. To accomplish the carjackings, King and his codefendants held each of their victims at gunpoint with King pointing his gun directly at the victim in at least one of the carjackings. King was arrested and indicted, and, after he pleaded guilty, was convicted of the charges in the indictment. The statutory maximum for those charges was life imprisonment.

For his convictions, King had an offense level of 30. Despite his young age, King's criminal history category was VI because of several prior convictions,

including: obstruction of law enforcement; theft by receiving stolen property; simple assault, and obstruction of law enforcement; statutory rape, and obstructing and giving false information to law enforcement; simple battery; theft by receiving a stolen vehicle, reckless driving, and obstruction of law enforcement; theft by receiving a stolen vehicle, aggravated assault, fleeing and attempting to elude, hit and run, and obstruction of law enforcement; and financial transaction card fraud and theft. He also faced a 7-year mandatory minimum consecutive sentence of imprisonment for the count of brandishing a firearm during a carjacking. See 18 U.S.C. § 924(c)(1)(A)(ii) & (c)(1)(D)(ii).

At King's sentence hearing, the district court, based on his offense level, criminal history, and the 7-year mandatory minimum consecutive sentence, calculated the applicable guidelines range at 254 to 299 months imprisonment. King presented evidence that he is "mildly mentally retarded" with an "extraordinary low level of intelligence" and that he had a difficult childhood because his mother had died when he was 13, he had not known his father, and his uncle had abused him. He also pointed to the fact that most of offenses for which he had previously been convicted had been committed between the age of 17 and 20 and to the fact that he had cooperated with the government since his arrest. After considering King's mitigating evidence and arguments, his criminal history,

3

and the seriousness of the carjacking offenses, the district court imposed a 200-month sentence, which was 52 months below the bottom of the applicable guidelines range.

## II.

We review the reasonableness of a sentence only for abuse of discretion. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010). To determine if a sentence is substantively unreasonable, "we must, as the Supreme Court has instructed us, consider the totality of the facts and circumstances." United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). We will vacate a sentence for substantive unreasonableness "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Id. at 1190 (quotation marks omitted). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." Tome, 611 F.3d at 1378.

King has failed to show that his 200-month sentence is substantively unreasonable. King's sentence is not only 52 months below the low end of his applicable guideline range of 252 to 294 months but is also well below the

statutory maximum of life imprisonment. In imposing King's sentence, the district court considered his extensive criminal history, the serious nature of his offenses, the likelihood of recidivism, and the need to protect the public. The court also took into account his cognitive impairment, his abusive and difficult childhood, and his cooperation with the government. After carefully weighing those competing factors, the court found that the below-the-guidelines-range sentence of 200 months was sufficient but not greater than necessary to protect the public, deter future criminal conduct, and reflect the seriousness of his offenses. The district court did not abuse its discretion.

**AFFIRMED.**